UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

METROPOLITAN LIFE INSURANCE
COMPANY,

          Plaintiff,

v.

DENISE DAVIS, ANITA HARRIS, and
ABM FUNDING, INC.,

          Defendants.

───────────────────────────────

**DECISION AND ORDER**

1:15-CV-00987 EAW

## BACKGROUND

Plaintiff Metropolitan Life Insurance Company ("Plaintiff") filed a complaint in interpleader on November 16, 2015, asking the Court to permit it to pay into the registry of the Court life-insurance proceeds arising out of the death of decedent James C. Harris ("Decedent"), as a result of its inability to determine the proper beneficiary(ies). (Dkt. 1). Plaintiff alleges that Decedent was an employee of General Motors Corporation ("GMC") and a participant in the General Motors Corporation Plan (the "Plan"), an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). (*Id.* at ¶ 8).

Decedent died on July 19, 2015, and, at the time of his death, was enrolled under the Plan for dependent life insurance coverage in the amount of $18,253.00. (*Id.* at ¶¶ 12-13). According to Plaintiff, Decedent had executed a beneficiary designation dated October 9, 1984, that designated his then-wife, defendant Anita Harris ("Harris"), as the

primary beneficiary of his life insurance coverage. (*Id.* at ¶ 15). Subsequent to his divorce from Harris, Decedent executed a beneficiary designation dated January 4, 2010, that designated his then-girlfriend, defendant Denise Davis ("Davis") as the primary beneficiary. (*Id.* at ¶¶ 2, 14, 17). Davis allegedly executed an irrevocable assignment to have $2,493.49 of the life insurance proceeds paid to Defendant ABM Funding, Inc. ("ABM") on behalf of Lombardo Funeral Home for payment of Decedent's funeral expenses. (*Id.* at ¶ 16).

Plaintiff further alleged that Davis submitted a claim for the life insurance proceeds on August 8, 2015. (*Id.* at ¶ 18). Decedent's daughter, Michelle Harris, sent a letter dated August 21, 2015, to Plaintiff, in which she states that she is "contesting the life insurance policy," alleges that Davis engaged in fraud and forgery in her dealings with Decedent, and questions whether Decedent was "in his right mind" when he designated Davis as the primary beneficiary of his life insurance coverage. (*Id.* at ¶ 19; Dkt. 14-9).

By Decision and Order entered July 11, 2016, this Court granted Plaintiff's motion to confirm that interpleader relief was appropriate, and directed Plaintiff to deposit the sum of $18,243.00[1] plus interest, if any, into the Court. (Dkt. 26). Plaintiff was discharged from any further liability in connection with this action. (*Id.* at 7).

---

[1] Plaintiff's complaint alleged that the amount of the life insurance proceeds at issue was $18,253.00 (Dkt. 1 at ¶ 13), but in Plaintiff's notice of motion seeking interpleader relief it was alleged that the amount of the proceeds was $18,243.00 (Dkt. 14 at 1). In any event, on July 22, 2016, Plaintiff paid into the Court the total amount of $19,926.27, representing the life insurance proceeds plus any accrued interest.

Clerk's Entries of Default have been entered in this case with respect to both Harris and ABM. (Dkt. 13; Dkt. 31). As a result, the only defendant who has timely appeared, Davis, has filed a motion for default judgment against both ABM and Harris pursuant to Fed. R. Civ. P. 55(b)(2). (Dkt. 32). This Court issued a Scheduling Order requiring any responses in opposition to the motion to be filed by October 14, 2016, and it also required Davis' counsel to serve the motion papers and Scheduling Order on both Harris and ABM, and file proof of same. (Dkt. 33). Davis' counsel complied with those directions. (Dkt. 34).

## LEGAL ANALYSIS

"Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). "Once the default has been entered, the Court will accept as true the allegations of the complaint that establish the defaulting [defendant's] liability." *Am. Fruit & Vegetable Co. v. Ithaca Produce, Inc.*, 848 F. Supp. 2d 375, 377 (W.D.N.Y. 2011). Despite the assumption of truth, the Court has a "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010).

Here, of course, due to the nature of this interpleader proceeding, the party seeking the default judgment is not the plaintiff, but rather the only defendant who has appeared—Davis. "While more frequently it is the plaintiff who moves for entry of default judgment, the right of a defendant in an interpleader action to do so is recognized." *Sun Life Assurance Co. of Canada, (U.S.) v. Conroy*, 431 F. Supp. 2d 220,

226 (D.R.I. 2006); *see, e.g.*, 10A C. Wright, A. Miller, et al., *Federal Practice and Procedure* § 2701 n.5 (4th ed. 2016) ("Interpleading stakeholder[s] can utilize [Rule 55] permitting the entry of default and judgment as to parties who fail to plead or otherwise defend.").

According to Plaintiff's complaint, the policy was issued pursuant to an ERISA-governed employee welfare benefit plan sponsored by GMC and funded by a group life insurance policy issued by Plaintiff. (Dkt. 1 at ¶ 8). An employee, such as Decedent, could change his beneficiary by filing a new form. (*Id.* at ¶ 11). In this case, the latest beneficiary designation on file was dated January 4, 2010, and Davis was designated as the primary beneficiary under the policy. (*Id.* at ¶ 14). Plaintiff alleges that Davis completed a Claimant's Statement on August 8, 2015. (*Id.* at ¶ 18). Although the complaint also makes references to claims or potential claims to the proceeds by the other named defendants, neither defendant has appeared in this action or attempted to pursue those claims, despite having been served with both the complaint and the motion papers submitted by Davis in support of the default judgment. Thus, with Decedent having designated Davis as his beneficiary under the terms of the plan, Davis is entitled to be paid the life insurance proceeds. *See Krishna v. Colgate Palmolive Co.*, 7 F.3d 11, 16 (2d Cir. 1993) (where policy "includes a clear provision calling for the filing of written designations to name or change a beneficiary" the terms of the policy control pursuant to ERISA).

Moreover, although an "Irrevocable Assignment" was executed by Davis in favor of ABM for funeral home expenses, ostensibly assigning $2,493.49 of the insurance

proceeds to ABM to cover those expenses (Dkt. 1-5), ABM has failed to appear in this action or otherwise assert a claim to those proceeds.

Accordingly, default judgment should be entered in favor of Davis with respect to the interpleaded funds.

## CONCLUSION

For the foregoing reasons, it is hereby:

ORDERED that the Clerk of Court is directed to pay and release the interpleaded funds deposited with the Court in this action, in the amount of $19,926.27, plus any accrued interest, less Court fees and expenses as allowed pursuant to 28 U.S.C. § 1914, to defendant Denise Davis; and it is further

ORDERED that upon fulfillment of the terms of this Decision and Order, the Clerk of the Court is directed to close the above-captioned action as fully resolved.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: October 20, 2016
       Rochester, New York